UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

CIVIL ACTION NO. 2:10-cv-23-KKC

FARIDA SPAULDING                                                                                    PLAINTIFF

v.                                    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                                 DEFENDANT

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter is before the Court on cross motions for summary judgment filed by Plaintiff Farida Spaulding and Defendant Michael J. Astrue, Commissioner of Social Security. Rec. 13, 14. For the reasons set forth below, the Court will deny the Plaintiff's motion and will grant the Defendant's motion.

**I.      FACTS AND PROCEDURAL HISTORY**

At the time of the alleged disability onset date, the Plaintiff was a forty-six year old female with a high school education. AR 59, 21. The Plaintiff is a naturalized United States citizen who speaks English as a second language. AR 107, 148. She has past relevant work experience as a housekeeper and laundry worker. AR 615. She alleges disability beginning on July 1, 2003 due to back pain and depression. AR 41-42, 57. The Plaintiff's earnings records show that she acquired sufficient quarters of coverage under sections 216(i) and 223 of the Social Security Act to remain insured through June 30, 2008, the date last insured. AR 21, 66. Therefore, to qualify for a period of disability and disability insurance benefits, the Plaintiff needed to establish her disability between the period of July 1, 2003 and June 30, 2008. AR 21.

On November 3, 2005, the Plaintiff filed an application for a period of disability and disability insurance benefits. AR 21. Her claim was denied initially and upon reconsideration. AR 21. The Plaintiff then requested a hearing before an Administrative Law Judge. AR 21. The request was granted and the Plaintiff appeared and testified at a hearing held on December 4, 2008. AR 21.

On January 13, 2009, Administrative Law Judge Ronald M. Kayser determined that the Plaintiff was not disabled as defined by the Social Security Act. AR 21-29. The Plaintiff filed a request for review by the Social Security Administration's Appeals Council, but the request was denied. AR 6-9. Consequently, the ALJ's decision became the final decision of the Commissioner. Since the Plaintiff has exhausted all of her administrative remedies, her claims are ripe for review by this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

This Court is required to defer to the Agency's decision "even if there is substantial

evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The Court cannot review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 F. App'x 503, 506 (6th Cir. 2005).

### B. Overview of the Process

Under the Social Security Act, disability is "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five step sequential evaluation process. *See* 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of limitations caused by her impairment and that she is precluded from doing past relevant work for the first four steps of the process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show that she is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that she suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that her impairment or combination of impairments meets or medically equals a listed

impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all of the claimant's impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the claimant's RFC, he must determine whether the claimant has the RFC to perform the requirements of her past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given her RFC, age, education and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

### C. The ALJ's Decision

At step one of the sequential evaluation process, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity between the alleged onset date of July 1, 2003 and her date last insured of June 30, 2008. AR 23. At step two, the ALJ found that the Plaintiff had the following severe impairments: diabetes mellitus II, degenerative disc disease of the lumbar and cervical spine, learning disorder, and depression. AR 23. However, at step three, the ALJ found that these impairments did not meet or medically equal one of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 24-25.

Prior to step four, the ALJ determined that the Plaintiff has the RFC to perform light

4

work, lift and carry ten pounds occasionally, and understand, remember, and carry out simple, non-detailed tasks. AR 25. Although the ALJ found the Plaintiff to be illiterate with an ability to function intellectually between borderline and low average, the ALJ also found that the Plaintiff is able to demonstrate adequate judgment and make adequate decisions, complete a normal work week without excessive interruption, and perform basic, remunerative, unskilled work, including carrying out and remembering simple instructions. AR 25-28. Since the Plaintiff's past relevant work as a housekeeper and laundry worker was unskilled and performed at the light exertional level, the ALJ determined at step four that the Plaintiff is able to perform past relevant work. AR 28. Accordingly, the ALJ found that the Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. AR 28-29.

**D. Analysis**

The Plaintiff contends that the ALJ erred by (1) failing to give appropriate weight to the opinions of her treating physicians, (2) failing to proffer a full hypothetical question to the vocational expert in this case, and (3) failing to have an interpreter present at the administrative hearing. The Court will consider each of these arguments in turn.

**1. Treating Physicians' Opinions**

The Plaintiff claims that the ALJ erred by failing to give appropriate weight to the opinions of her treating physicians, Dr. Gary Shearer, Dr. Diane McElheney, and Dr. Womack.[1] In general, an ALJ should give more weight to the opinions of treating physicians than other sources because

---

[1] Dr. Womack's first name does not appear in either the Plaintiff's motion or the record.

> these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). However, the Sixth Circuit "has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993) (citing *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990)). In other words, "the Secretary may reject a treating physician's opinion if good reasons are identified for not accepting it." *Bogle*, 998 F.2d at 348.

In this case, the Court finds that the ALJ's decision to discount the opinion of Dr. Shearer was supported by substantial evidence. Dr. Shearer indicated that the Plaintiff has a limited residual functional capacity. AR 307-09. Specifically, Dr. Shearer stated that the Plaintiff could not lift or carry more than five pounds, or stand, walk, or sit for more than one hour in an eight hour day. AR 307-08. Dr. Shearer also found that the Plaintiff's health affected her ability to reach, push, and pull. AR 308. Dr. Shearer attributed these problems to the Plaintiff's alleged lower disc problems and nerve root compression. AR 307-08. However, an MRI of the Plaintiff's lumbar spine showed that the Plaintiff did not have nerve root compression. AR 183, 226. Furthermore, as the ALJ mentioned, the Plaintiff's straight leg-raising test–which is designed to detect nerve root pressure, tension, or irritation–was negative. AR 27. Accordingly, the Court finds that the ALJ's decision to reject Dr. Shearer's assessment was supported by substantial evidence.

The Court also finds that the ALJ's decision to discount the opinion of Dr. McElheney was supported by substantial evidence. Dr. McElheney gave the Plaintiff a Global Assessment of Functioning (GAF) score of thirty, indicating that the Plaintiff is unable to function socially and occupationally. AR 27-28. However, as the ALJ recognized, the Plaintiff has never been hospitalized for mental health reasons and has not reported any psychotic symptoms. AR 28. Furthermore, Dr. McElheney herself noted that despite being depressed, the Plaintiff was "doing O.K." on June 4, 2008. AR 509. Dr. McElheney also reported on numerous occasions that the Plaintiff's mood was up. AR 533, 544, 5554, 558. Moreover, the Plaintiff testified that she fed, dressed, and bathed herself, followed the news, and visited with her children's teachers. AR 27, 600-04. In sum, the Court finds that the ALJ's decision to reject Dr. McElheney's assessment was supported by substantial evidence.

The Plaintiff fails to provide any support for her claim that the ALJ improperly rejected Dr. Womack's opinion. In fact, the Plaintiff mentions Dr. Womack only once and does not develop any argument related to Dr. Womack. The Sixth Circuit has said that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006) (internal quotations omitted). Therefore, the Court finds that the Plaintiff's claim related to Dr. Womack is baseless.

**2. Hypothetical Question to the Vocational Expert**

The Plaintiff next claims that the ALJ erred by failing to proffer a full hypothetical question to the vocational expert in this case. According to the Sixth Circuit, a hypothetical question posed to a vocational expert is proper "'if the question accurately portrays plaintiff's

individual physical and mental impairments.'" *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3rd Cir. 1984)).

In this case, the Plaintiff argues that the ALJ's question should have incorporated the analysis of consultative psychological examiner, Dr. Thomas McCann. Dr. McCann examined the Plaintiff on June 3, 2005, and October 25, 2005, and found that the Plaintiff had a depressive disorder and borderline intellectual functioning. AR 151-55. Ultimately, Dr. McCann opined that if the Plaintiff were trained for a job "she would need to be trained in very concrete and specific skills, with very close supervision." AR 154. The Plaintiff fails to state how the hypothetical question posed by the ALJ differs from Dr. McCann's opinion. Without any precise guidance from the Plaintiff as to how the ALJ's hypothetical question was deficient, the Court finds that the Plaintiff's argument is unfounded. Furthermore, after reviewing the record, it is clear that the ALJ specifically inquired into the Plaintiff's ability to perform task-oriented, unskilled work. AR 27-28, 615-16. Thus, the Court finds that the ALJ's hypothetical question did incorporate the analysis of Dr. McCann and was based on substantial evidence in the record.

### 3. Interpreter

Lastly, the Plaintiff claims that the ALJ erred by failing to have an interpreter present at the administrative hearing. The Plaintiff's native language is Assyrian and she is unable to read or write in English. AR 146, 26. However, the Plaintiff speaks English as a second language and even obtained her driver's license through an oral examination. AR 26-27.

According to the Social Security Administration's Hearings, Appeals and Litigation Law Manual, known as HALLEX, "[i]f a claimant has difficulty understanding or communicating in English, the ALJ will ensure that an interpreter, fluent in both English and a language in which

8

the claimant is proficient, is present throughout the hearing. . . . SSA will provide an interpreter free of charge." *Hearing Procedures–Foreign Language Interpreters*, HALLEX I-2-6-10 (updated Sept. 2, 2005). To determine if a claimant needs an interpreter, HALLEX suggests that the ALJ review those forms containing a question asking the claimant if an interpreter is needed, as well as "any reports of contact with the claimant or other statements that indicate the need for an interpreter." *Foreign Language Interpreters*, HALLEX I-2-1-70 (updated Sept. 28, 2005). While this Court can consider the procedures set forth in HALLEX, the Sixth Circuit has recognized that this manual is "not binding on this court." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008).

In this case, Plaintiff's counsel sent a letter to the ALJ stating that he had a difficulty communicating with his client due to her language barrier and suggested that "it may be advisable to have an interpreter present" at the administrative hearing. AR 146. However, the Plaintiff cites no form in the record, such as a Request for Hearing Form, indicating her need for an interpreter. There is also no indication in the record that Plaintiff's counsel objected when the ALJ conducted the hearing without an interpreter present. Furthermore, a review of the hearing's transcript suggests that the Plaintiff was able to understand and respond to the ALJ's questions. AR 575-618. In fact, the ALJ specifically noted that the Plaintiff could speak English and comprehend his questions adequately at the hearing. AR 27. The Appeals Council confirmed this fact when it said that although "[t]he hearing was conducted without the aid of an Assyrian interpreter, . . . the claimant was able to understand and respond to all of the questions." AR 10. The Plaintiff does not explain how she was prejudiced by not having an interpreter present and fails to cite any binding authority suggesting the ALJ committed reversible error. Accordingly,

9

the Court rejects the Plaintiff's claim that the ALJ's decision is without merit.

### III. CONCLUSION

For the reasons set forth above, the Court holds that the ALJ's decision denying the Plaintiff's claim for benefits is supported by substantial evidence. Accordingly, the Court **HEREBY ORDERS** as follows:

(1) Plaintiff's Motion for Summary Judgment (Rec. No. 13) is **DENIED**; and

(2) Defendant's Motion for Summary Judgment (Rec. No. 14) is **GRANTED**.

Dated this 1st day of December, 2010.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**